## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BRG HARRISON LOFTS URBAN RENEWAL, LLC** | : | |
| | : | **CASE NO. 2:16-CV-06577-SRC-CLW** |
| Plaintiff | : | |
| | : | **MEMORANDUM OF LAW IN SUPPORT** |
| | : | **OF NOTICE OF MOTION FOR AN** |
| vs. | : | **ORDER CONSOLIDATING ACTIONS** |
| | : | **PURSUANT TO FEDERAL RULE OF** |
| | : | **CIVIL PROCEDURE 42(a) AND LOCAL** |
| **GENERAL ELECTRIC COMPANY,** | : | **CIVIL RULE 42.1** |
| **ENVIRONMENTAL WASTE** | : | |
| **MANAGEMENT ASSOCIATES, LLC,** | : | |
| **and ACCREDITED ENVIRONMENTAL** | : | |
| **TECHNOLOGIES, INC.,** | : | |
| | : | |
| Defendants | : | |
| | : | |

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY.** | : | |
| | : | **CASE NO. 2:17-CV-01584-JMV-JBC** |
| Plaintiff | : | |
| | : | **MEMORANDUM OF LAW IN SUPPORT** |
| | : | **OF NOTICE OF MOTION FOR AN** |
| vs. | : | **ORDER CONSOLIDATING ACTIONS** |
| | : | **PURSUANT TO FEDERAL RULE OF** |
| | : | **CIVIL PROCEDURE 42(a) AND LOCAL** |
| **ACCREDITED ENVIRONMENTAL** | : | **CIVIL RULE 42.1** |
| **TECHNOLOGIES, INC.,** | : | |
| **ENVIRONMENTAL WASTE** | : | |
| **MANAGEMENT ASSOCIATES, LLC,** | : | |
| **and BRG HARRISON LOFTS URBAN** | : | |
| **RENEWAL, LLC** | : | |
| | : | |
| Defendants | : | |
| | : | |

Defendant, Accredited Environmental Technologies, Inc. (hereinafter "AET"), by and

through its undersigned attorney, Keith N. Leonard, Esquire, hereby submits the instant

Memorandum of Law in support of its Notice of Motion to Consolidate (the "Motion") to consolidate the above-captioned civil action entitled Evanston Insurance Company v. Accredited Environmental Technologies, Inc., et al, docketed in this Honorable Court at Case No. 2:17-CV-01584-JMV-JBC with the above-captioned civil action entitled BRG Harrison Lofts Urban Renewal, LLC v. General Electric Company, et al., docketed in this Honorable Court at Case No. 2:16-CV-06577-SRC-CLW. Capitalized terms in this Memorandum of Law will refer to the same parties or things as defined in AET's (Notice of) Motion and Certification in support thereof.

## I.    FACTUAL BACKGROUND

On October 6, 2016, a Complaint was filed against AET and other defendants by plaintiff, BRG Harrison Lofts Urban Renewal, LLC, in this Court, in an action docketed as BRG Harrison Lofts Urban Renewal, LLC v. Accredited Environmental Technologies, Inc., et al, D. NJ., Docket No.: 2:16-CV-06577-SRC-CLW (hereinafter the "BRG Action"). The BRG Action involves a claim for Negligence/Malpractice against AET, as well as related claims against the other defendants, by plaintiff, BRG Harrison Lofts Urban Renewal, LLC ("BRG"), arising out of, inter alia, AET's alleged negligence in conducting a mercury vapor survey at a property purchased by BRG as part of the due diligence process. Environmental Waste Management Associates, LLC ("EWMA") is also named as a defendant in connection with these claims. See Complaint filed in BRG Action, a true and correct copy of which is attached as Exhibit "A" to the Certification of the undersigned.

On March 10, 2017, a separate Complaint was filed, also in this Court, against AET, EWMA and BRG by plaintiff, Evanston Insurance Company, in an action docketed as Evanston Insurance Company v. Accredited Environmental Technologies, Inc., et al, D. NJ., Docket No.: 2:17-CV-01584-JMV-JBC (hereinafter the "EIC Action"). The EIC Action involves claims asserted

2

by AET's insurance company, Evanston Insurance Company (hereinafter "EIC"), seeking a declaratory judgment that it is not required to provide insurance coverage for the claims asserted against AET and EWMA in the BRG Action.   EIC also alleges certain fraud-based claims against AET.   See Complaint filed in EIC Action, a true and correct copy of which is attached as Exhibit "B" to the Certification of the undersigned.

The BRG Action and the EIC Action involve common questions of fact and law, as they arise out of the same underlying matter.   For example, a determination of AET's actions and alleged liability in the BRG Action will necessarily have an effect on the coverage determination in the EIC Action.

## II.   **LEGAL ARGUMENT**

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed R. Civ. P. 42(a); see also Local Civ. R. 42.1.

Rule 42(a) gives a district court "broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice." Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 80-82 (D.N.J. 1993) (citing Waste Distillation Tech., Inc. v. Pan American Resources, Inc., 775 F. Supp. 759, 761 (D. Del. 1991) (citation omitted); see also In re Mock, 398 F. Appendix 716, 718 (3d Cir. 2010).   The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." In re TMI Litigation., 193 F.3d 613, 724 (3d Cir. 1999) amended, 199 F.3d 158 (3d Cir. 2000).   Courts have broad discretion to consolidate cases, particularly where judicial

economy outweighs the "potential for new delays, expense, confusion or prejudice." Easton & Co. v. Mutual Benefit Life Insurance Co., 1992 WL 448794  at *4 (D.N.J. Nov. 4, 1992); see also Wachtel v. Guardian Life Ins. Co., 223 F.R.D. 196, 199 (D.N.J. 2004).

For actions to be consolidated there must exist common questions of law or fact. See In re Consolidated Parlodel Litigation, 182 F.R.D. 441, 444 (D.N.J. 1998).  The moving party bears the burden of proof on a motion for consolidation.  Id.

The New Jersey Superior Court, Appellate Division, in the case of Chiacchio v. Chiacchio, 198 N.J. Super. 1, 486 A.2d 335, 1984 N.J. Super. LEXIS 1273 (1984), indicated that under New Jersey law and Court Rules, "the correct procedure requires an insurance carrier to commence its declaratory judgment action relating to questions of coverage in the Law Division, move for a consolidation with or restraint of any pending third-party liability action, and then litigate its rights under the insurance policy. Likewise, the insured may resort to the same or similar procedure when the carrier denies coverage or the duty to defend." Chiacchio v. Chiacchio, 198 N.J. Super. at 4, citing Burd v. Sussex Mutual Ins. Co., 56 N.J.383, 391 (1970). While not binding on this Court, it is certainly an indication that, consistent with the entire controversy doctrine, the state courts want consolidation of actions where the second action is a declaratory judgment action. The principal reason why the Appellate Division did not consolidate the two actions in the Chiacchio case is, that by having the cases consolidated in the Chancery Division, Family Part, the insurer's right to a jury trial would have been infringed.

Here, the BRG Action involves claims for Negligence/Malpractice against AET with regard to an alleged failure to properly perform a mercury vapor survey at a property purchased by BRG as part of the due diligence process.  Environmental Waste Management Associates, LLC ("EWMA") is also named as a defendant in connection with these claims, and was the party which

contracted with AET to perform the survey on behalf of BRG. The BRG Action will necessarily involve factual questions regarding AET's actions in connection with the mercury vapor survey and a determination of whether those actions lead to AET's liability. Those factual determinations will have a direct effect on the coverage determination at issue in the EIC Action. The coverage questions and issues in the EIC Action will likewise have important bearing and import on the BRG Action. Consolidation is therefore appropriate and warranted.

Further, in Evanston Insurance Co. v. Van Syoc Chartered, a case involving the same carrier and a similar coverage dispute issue and an underlying negligence/malpractice claim, this Court recognized the merits of consolidation of such actions. See Evanston Insurance Co. v. Van Syoc Chartered, 863 F. Supp.2d 364 (D. N.J. 2012). There, the Court recognized the desirability of consolidation and coordinated management of a declaratory judgment action seeking a coverage determination based on alleged failures to report and give notice of a claim with the underlying action involving a legal malpractice claim. Id.

While the Evanston Insurance Co. case dealt with the application of the Brillhart-Wilton Abstention Doctrine where the underlying negligence/malpractice action was filed in New Jersey State Court, the Court nonetheless observed, in dismissing the federal court action, that consolidation with the closely related state matter was a desirable result to promote judicial economy in discovery and case management and to prevent inconsistent results. See Id. at 371. Given the similar factual scenario present herein, consolidation of the EIC Action and the BRG Action is likewise warranted and desirable.

III.    **CONCLUSION**

Based upon the foregoing facts and legal principles, consolidation of the BRG Action and EIC Action will serve to promote judicial efficiency and prevent inconsistent results in said actions.  Consolidation is therefore both appropriate and warranted.  AET therefore respectfully requests that this Honorable Court grant the instant Motion to Consolidate.

Respectfully submitted,

**LEONARD, SCIOLLA, HUTCHISON,
LEONARD & TINARI, LLP**

By:   _____
       Keith N. Leonard, Esquire
       72 East Main Street
       Moorestown, New Jersey 08057
       Telephone:  (856) 273-6679
       Fax:  (856) 273-0109
       E-mail:  kleonard@leonardsciolla.com
       Attorney for Defendant,
       Accredited Environmental
       Technologies, Inc.

Dated: April 27, 2017