# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRG HARRISON LOFTS URBAN RENEWAL LLC, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, ENVIRONMENTAL WASTE MANAGEMENT ASSOCIATES, LLC and ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC., <br><br> Defendants. | Civil Action No: 2:16-06577 |

## DEFENDANT GENERAL ELECTRIC COMPANY'S BRIEF IN OPPOSITION TO DEFENDANT ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC.'S MOTION TO CONSOLIDATE

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Attorneys for Defendant,
General Electric Company

On the Brief:
Ira Gottlieb
Cynthia S. Betz

## <u>TABLE OF CONTENTS</u>

<b><i><u>Page</u></i></b>

PRELIMINARY STATEMENT ................................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY .........................................5

      A.   The BRG Action - *BRG v. GE, AET, and EWMA* ..................5

      B.   The Insurance Coverage Action – *Evanston v. AET, EWMA and BRG* ................................................7

ARGUMENT ...................................................................................9

POINT I

      LEGAL STANDARD FOR CONSOLIDATION .............................9

POINT II

      CONSOLIDATION IS UNWARRANTED AS THE BRG ACTION AND THE INSURANCE COVERAGE ACTION DO NOT INVOLVE COMMON ISSUES OR FACTS ...................10

POINT III

      EVEN IF COMMONALITY EXISTED, BALANCING THE FACTORS OF SAVINGS OF TIME AND EFFORT WITH INCONVENIENCE, DELAY AND EXPENSE DOES NOT FAVOR OF CONSOLIDATION .......................................14

POINT IV

      INSURANCE COVERAGE CASES ARE NOT ORDINARILY TRIED AS PART OF THE UNDERLYING CLAIM ...................................................................17

CONCLUSION .................................................................................19

## TABLE OF AUTHORITIES

*Page(s)*

**FEDERAL CASES**

*Evanston Ins. Co. v. Van Syoc Chartered,*
    863 F. Supp. 2d 364 (D.N.J. 2012) .................................................................12

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.,*
    149 F.R.D. 65 (D.N.J. 1993) ......................................................... 9, 10, 14, 16

*Margolis v. Hydroxatone,*
    No. 11-cv-4355, 2013 WL 875987 (D.N.J. Mar. 6, 2013) ..................... 9, 10, 14

**STATE CASES**

*Burd v. Sussex Mut. Ins. Co.,*
    56 N.J. 383 (1970) ..........................................................................................17

*Chiacchio v Chiacchio,*
    198 N.J. Super. 1 (App. Div. 1984) ................................................................18

*D'Jais Bar, Inc. v. Lexington Ins. Co.,*
    371 N.J. Super. 482 (App. Div. 2004) ............................................................17

*Government Employees Insurance Co. v. Butler,*
    128 N.J. Super. 492 (Ch. Div. 1974) .........................................................18, 19

*Hartford Accident & Indem. Co. v. Aetna Life & Cas. Ins. Co.,*
    98 N.J. 18 (1984) ............................................................................................17

*Morton Int'l, Inc. v. Gen. Accident Ins. Co.,*
    266 N.J. Super. 300 (App. Div. 1991) ............................................................17

*Muralo Co. v. Emps. Ins. Of Wausau,*
    334 N.J. Super. 282 (App. Div. 2000) ............................................................17

*N.J. Eye Ctr., P.A. v. Princeton Ins. Co.,*
    394 N.J. Super. 557 (App. Div. 2007) ............................................................17

*N.J. Mfrs. Ins. Co. v. Vizcaino,*
    392 N.J. Super. 366 (App. Div. 2007) ............................................................17

*S.T. Hudson Eng'rs, Inc. v. Penn. Nat. Mut Cas. Co.*,
  388 N.J. Super. 592 (App. Div. 2006) ............................................................17

*Voorhees v. Preferred Mutual Ins. Co.*,
  128 N.J. 165 (1992) ........................................................................ 12, 13, 17

## RULES

Federal Rule of Civil Procedure 42(a)..............................................*passim*

District of New Jersey Local Civil Rule 42.1 ......................................................2

New Jersey Court Rule 4:30A..........................................................................19

## PRELIMINARY STATEMENT

Accredited Environmental Technologies, Inc.'s ("AET") motion to consolidate improperly seeks to mix two actions with distinctly different factual and legal disputes. Thus, AET's motion fails to meet the threshold requirement for consolidation under Federal Rule of Civil Procedure 42(a). Consolidation of the two actions would also unnecessarily further complicate matters and cause the court and the parties to expend more time, effort, and resources than would be necessary if the two case were to proceed separately. As explained below, for these and other good reasons, AET's motion should be denied.

The action between Plaintiff BRG Harrison Lofts Urban Renewal LLC ("BRG") and Defendant General Electric Company ("GE") arises out of a contract dispute and concerns a disagreement regarding which of these parties is responsible to pay for the characterization and potential abatement of mercury within certain building structures. The case largely involves federal, state, contract and common law causes of action strictly related responsibility for those matters. Claims against BRG's environmental consultants, AET and Environmental Waste Management Associates, LLC ("EWMA"), are also pled, alleging damages associated with their purported negligent failure to detect mercury contamination during BRG's investigation of the property prior to purchase. BRG also alleges breach of contract claims against those parties.

The later-filed matter, *Evanston Insurance Company v. AET, et al.*, No. 2:17-cv-1584 (JMV/JBC) (the "Insurance Coverage Action," also referred to by AET as the "EIC Action"), does not share common questions of law or fact with *BRG Harrison Lofts Urban Renewal, LLC v. General Electric Company, et al.*, No. 2:16-cv-6577 (SRC/CLW) (the "BRG Action").[1]  The basis for the insurer's denial in the Insurance Coverage Action is not rooted in the liability issues pled against EWMA and AET in this action.  Those causes of action arise from insurance applications, insurance claims notices, and the related insurance policy agreements and transactions that are not directly related to this case.  Indeed, those claims involve distinctly different facts and legal questions than those that are issue in the BRG Action.  Thus, AET's motion will only inject additional disputes into this already complex litigation, creating the potential for delay and unnecessary expense.

---

[1]  Local Rule 42.1 directs that a motion to consolidate shall be filed in the case bearing the earlier docket number.  Although AET filed the same motion in both cases, GE has only filed its opposition in this, the earlier, matter consistent with the Local Rule.  Further, it should be noted that both BRG and EWMA filed letter joinders to the motion to consolidate, adopting AET's positions without additional substantive argument, but (in the case of BRG) reserving the right to reply to any opposition that might be filed.  To the extent that any party files a brief with new arguments, under the guise of a reply that should have been presented in time for responses to the motion, GE reserves the right to seek the Court's permission to consider a sur-reply in response to newly-raised arguments.

For example, the BRG Action concerns the alleged nature and extent of discharges and releases of hazardous substances, related statutory and regulatory questions and BRG's and GE's respective contractual obligations to one another. BRG's claims against AET and EWMA are rooted in professional malpractice and alleged failures by these consultants to exercise due care with respect to their work for BRG.  By contrast, the Insurance Coverage Action concerns a tangential (and arguably unrelated) dispute between an insurer and the consultants, with respect to timely notice of the insurance, disclosure of information on an application of insurance, and other insurance specific issues having nothing (or very little) to do with the liability issues in dispute in the BRG Action.  These material differences mean that the threshold requirement for consolidation under Federal Rule of Civil Procedure 42(a) is unmet.

Joining these largely unrelated actions would delay and needlessly complicate resolution of both cases while adding unnecessary expense and undue burden on all parties.  AET's motion entirely ignores the ten claims against GE in the BRG Action that have nothing to do at all with the Insurance Coverage Action against AET and EWMA.[2]  These ten claims, including (among others) breach of

---

[2]  BRG is named as a defendant in the Insurance Coverage Action, but there are no claims made against it and the Complaint confirms it is named only as an "interested party."  *See* Leonard Cert., Ex. B, ¶5.  The docket shows no evidence that BRG has been served in that case.

contract and statutory claims under CERCLA, the Spill Act, RCRA, and the New Jersey Environmental Right Act, are at the heart of the BRG Action and involve numerous issues that have nothing to do with the facts and legal issues of concern in the Insurance Coverage Action.

Perhaps more significant to the instant consolidation motion, though, is that resolution of the disputed matters in the BRG Action – including the professional malpractice claims against AET and EWMA – will have no bearing on the outcome of the Insurance Coverage Action. This is because resolution of the Insurance Coverage Action in no way hinges on whether or not there was professional malpractice or breach of contract by AET or EWMA. Instead, the Insurance Coverage Action is concerned with whether AET made misrepresentations on its insurance policy application about a potential claim by BRG, the timing of AET's notification of the claim to its insurer, and the interpretation of certain policy exclusions. *See* Insurance Coverage Compl. ¶¶ 48-49; 51-52; 57; 60. These are matters that will not be explored in the BRG Action.

Thus, while the existence of the BRG's claims against AET and EWMA is what – in a broad sense – gave rise to the insurance claim that ultimately resulted in the Insurance Coverage Action, the facts and legal issues in dispute in each action are distinctly different, such that the threshold requirement for consolidation under Rule 42(a) is not met. And, even if the commonality of law or fact

4

prerequisite were met, which it is not, the resulting delay and expense to the parties caused by consolidation would dictate that the matters proceed separately.  For these reasons, GE respectfully submits that the motion for consolidation should be denied.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### A.   The BRG Action - *BRG v. GE, AET, and EWMA*

BRG filed this action on October 6, 2016, and amended its complaint on November 17, 2016.  *See* Leonard Cert. Ex. A (Original Compl.); Betz Decl., Ex. 1 (Am. Compl.).  BRG's multi-count complaint against GE, AET, and EWMA arises from alleged newly-discovered levels of mercury found within the superstructure of buildings it owns at a property located in Harrison, New Jersey, and its allegations of dissatisfaction with its own and GE's consultants' remedial work; as well as its invocation of numerous statutory and common law claims to address those problems.  *See generally* Am. Compl. (Betz Decl., Ex. 1).  BRG's amended pleading has ten claims against GE, which focus on BRG's allegations that GE has refused to either undertake an investigation and remediation of the mercury contamination, or to provide requested data.  *Id.* ¶¶ 123-203; 215-234.  BRG also asserts a single claim against AET and EWMA for professional malpractice and one claim against EWMA for breach of contract.  *Id.* ¶¶ 204-214.

5

AET and EWMA each answered the Amended Complaint in late 2016, asserting cross- and counterclaims, but GE filed a motion to dismiss certain counts of the Amended Complaint. *See* No. 16-cv-6577 at D.I. 17 (EWMA Answer); D.I. 21 (AET Answer), and D.I. 20 (GE Motion).   A Rule 16 conference was held before the Honorable Cathy L. Waldor, U.S.M.J, on February 14, 2017, after which the Court entered a pretrial scheduling order setting discovery deadlines. *Id.* at D.I. 40.  Prior to the Rule 16 conference, the parties exchanged Rule 26(a) Initial Disclosures, which collectively identified no less than 23 potential non-party fact witnesses (in addition to dozens of party fact witnesses), some of whom are out of state.  Betz Decl. ¶ 3.

On March 24, 2017, the Court stayed the deadlines of the February 14, 2017 order, pending a decision on GE's Motion to Dismiss. *See id.* at D.I. 47.  In the text order, the Court noted the potential volume of discovery anticipated in this case as a reason for granting the stay. *Id.*

On April 3, 2017, the Court denied GE's Motion without prejudice. *Id.* at D.I. 49.  Following a status call with Judge Waldor on April 5, 2017, the parties met and conferred and agreed upon a revised scheduling order, which was entered by the Court on May 8, 2017. *Id.* at D.I. 56.  In the meantime, GE filed its Answer to the Amended Complaint on April 28, 2017, which included twelve counterclaims against BRG, as well as crossclaims against AET and EWMA.  *See*

6

*id.* at D.I. 53.  Consistent with the May 8 Amended Pretrial Scheduling Order, the parties exchanged written discovery on May 19.  As anticipated by the Court, that discovery is extensive.  *See, e.g.,* Betz Decl. ¶ 4.

B.    **The Insurance Coverage Action – *Evanston v. AET, EWMA and BRG***

Evanston Insurance Company ("Evanston") filed its action against AET and EWMA on March 8, 2017.  *See* Leonard Cert., Ex. B (Compl.).  BRG is also named as a defendant in that action, but Evanston only asserts BRG is an "interested party" and makes no allegations against it  *See id.* ¶5.  Evanston's action seeks a declaratory judgment that it need not defend or indemnify AET or EWMA in the BRG Action, as well as alleges statutory and common law insurance fraud against AET.  *See id.* at Counts I, II, III and IV.

Evanston seeks its relief with respect to three categories of insurance coverage – (1) Environmental Professional Liability ("EPL") Coverage (*see id.* ¶ 45-52); (2) Contractors Pollution Liability ("CPL") Coverage (*id.* at ¶ 53-57); and (3) Commercial General Liability ("CGL") Coverage (*id.* ¶ 58-60).  With each, its basis for denying coverage arises not from any facts or issues in dispute in the BRG Action, but instead for other, unrelated, reasons concerning AET's insurance policies, acts related to the procurement of the insurance, or the nature and timeliness of notice of the insurance claims.

7

As to the EPL Coverage, Evanston alleges that no coverage is available as AET made misrepresentations in its insurance application to Evanston about knowledge of BRG's potential claim against it. *See, e.g., id.* ¶¶ 34, 37-40, 48-49. Evanston also alleges that failure to give notice during the policy period negates coverage as to earlier issued EPL policy. *See id.* ¶¶ 50-52. As to the CPL Coverage, Evanston alleges an exclusion for "Professional Services" precludes coverage for BRG's claims. *See id.* ¶¶ 55-57. And, as to the CGL Coverage, Evanston relies upon a pollution exclusion to deny coverage. *See id.* ¶60. As is evident from the pleadings, the factual and legal issues presented by these challenges to coverage are not at issue, and will not be explored, in the BRG Action.

EWMA answered the Insurance Coverage Action Complaint on April 21, 2017. *See* No. 17-cv-1584, D.I. 8. That answer included cross- and counterclaims (*id.*), which AET answered on May 15, 2017. *Id.* at D.I. 10.[3] EWMA's crossclaims against AET in the Insurance Coverage Action are entirely duplicative of the crossclaims EWMA asserted against AET in the BRG Action. *Compare id.* at pp. 16-19 *with* 16-cv-6577, D.I. 17 at 33-36. AET made an application for a clerk's extension to answer the Complaint on April 14, 2017, which was neither

---

[3]   On May 23, 2017, AET filed a corrected version of its Answer to EWMA's crossclaims. *See* D.I. 14. EWMA answered AET's crossclaims against it on May 26, 2017. *See* D.I. 16.

8

denied or granted.  *Id.* at D.I. 6.  On April 27, 2017, AET filed its motion to consolidate, but it has yet to answer the Insurance Coverage Action Complaint.  *Id.* at D.I. 9.

There is no Rule 16 conference scheduled in the Insurance Coverage Action. Thus, on information and belief, there has been no Initial Disclosure exchange, there is no pretrial scheduling order, nor has any discovery commenced.

## ARGUMENT

### POINT I

### LEGAL STANDARD FOR CONSOLIDATION

Under Federal Rule of Civil Procedure 42(a), the Court has "broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice."  *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993) (citation and quotations omitted).  It is, therefore, a threshold requirement that there are common issues of fact or law as between the cases proposed for consolidation.  *See Margolis v. Hydroxatone*, No. 11-cv-4355, 2013 WL 875987, at *2 (SRC/CLW) (D.N.J. Mar. 6, 2013) (denying consolidation) (citing *In re Consolidation Parlodel Lit.*, 182 F.R.D. 441, 444 (D.N.J. 1998)).  "The mere existence of common issues, however, does not require consolidation," *Liberty Lincoln*, 149 F.R.D. at 81, and the Court must also balance "the savings of time and effort gained through

consolidation … against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Id.*; *see also Margolis*, 2013 WL 875987, at *2.

These matters neither meet the commonality requirement nor does the balancing of the additional factors (if that threshold could be met) warrant consolidation. Indeed, given the number and complexity of the claims in the BRG Action alone, consolidation would likely cause unnecessary delay and expense to both actions as a result of joining two dissimilar actions simply because they are tangentially related.

## POINT II

### <u>CONSOLIDATION IS UNWARRANTED AS THE BRG ACTION AND THE INSURANCE COVERAGE ACTION DO NOT INVOLVE COMMON ISSUES OR FACTS</u>

On first glance, AET's conclusory argument that the Insurance Coverage Action and the BRG Action share common issues and facts may have some superficial appeal. Moreover, BRG and EWMA have now joined in the request to consolidate, with EWMA going so far as to mischaracterize the issues in both matters as "identical." *See* D.I. 57, 62. A closer look at the facts and legal disputes at issue demonstrates that is not the case. The facts pled and the nature of the claims and issues *per force* demonstrate that the two separate matters involve entirely different legal issues (*i.e.,* insurance policy coverage questions), and

10

different questions of fact (*e.g.*, what did AET disclose on its insurance applications and when did it provide its insurer with notice?).

In its motion, AET purports that the "factual determinations [of the BRG Action] will have a direct effect on the coverage determination at issue in the [Insurance Coverage] Action." *See* AET Br. at 5. AET points to the "factual questions regarding AET's actions in connection with the mercury vapor survey and a determination of whether those actions lead to AET's liability." *Id.* But this conclusory argument (with no citation to the Insurance Coverage Action complaint that would support it) is contradicted by the plain allegations of the Insurance Coverage Action complaint, which make clear that Evanston has not denied coverage on this basis, but instead because (1) AET allegedly made misrepresentations on its application (*see, e.g.,* Insurance Coverage Compl. ¶ 48); (2) AET did not provide timely notice (*see, e.g., id.* ¶ 51); or (3) policy exclusions preclude coverage (*see, e.g., id.* ¶¶ 57, 60).[4] Indeed, the insurer appears not to take

---

[4] EWMA's joinder letter makes the same unsupported statement about the liability question in the BRG Action impacting the coverage case outcome. *See* D.I. 62. EWMA also adds (again, in a conclusory fashion) that its cross-claims against AET in the BRG Action will impact the declaratory relief sought against EWMA in the Insurance Coverage Action. *Id.* As it stands, EWMA's cross claims against AET are identical in both actions, but claims related to the insurance coverage (*e.g.*, breach of contract for failure to procure insurance) would be better litigated in the Insurance Coverage Action and should not be determinative of consolidation simply because EWMA plead them in both matters.

any position on AET's liability (despite AET's representation to the contrary, *see* AET Br. at 4-5). Instead, the issues in dispute as to insurance coverage relate to factual matters entirely outside of the BRG Action[5] and basic insurance law principles evidence why this is the case.

It is well-settled that insurers have a duty to defend based upon the allegations in a complaint, which may arise irrespective of the claim's merit. *Voorhees v. Preferred Mutual Ins. Co.*, 128 N.J. 165, 173 (1992). And, indeed, Evanston takes no issue with the merit of BRG's claims against AET or EWMA. Instead, the insurer challenges AET's knowledge of the potential for BRG's claim, claims notice was untimely, and points to policy exclusions that preclude coverage for claims for professional malpractice or claims which arise out of certain activities associated with pollutants. For example, Evanston pleads:

- There is no coverage under Professional Liability Coverage part of the Policy … because, among other reasons, AET was aware of a fact, event, circumstance, or condition which AET should have reasonably foreseen would give rise to a claim under the Policy … and the claims were made prior to the inception of the Policy…. *Id.* ¶ 48.

- There is no coverage for AET in connect with EWMA's claims for indemnification because, among other reasons, AET was aware of a

---

[5]   In this regard, AET's reliance on *Evanston Ins. Co. v. Van Syoc Chartered*, 863 F. Supp. 2d 364 (D.N.J. 2012), is unpersuasive. The District Court was not analyzing the factors of FRCP 42(a) or other factors related to consolidation, but to the extent it made findings that the insurance coverage issues and underlying case issues were overlapping, AET has simply made no compelling argument in that regard here.

fact, event, circumstance, or condition which AET should have reasonably foreseen would give rise to a claim under [the] Policy … the claims were made prior to the inception of [the] Policy … and such claims are excluded by the Contractual Liability exclusion. *Id.* ¶ 49.

- There is no coverage under Professional Liability Coverage part of [the] Policy … because, among other reasons, AET did not report the BRG or EWMA claims during the … policy period. *Id.* ¶ 51.

- There is no coverage under Contractors Pollution Liability Coverage part of the Package Policies because, among other reasons, the claim involves "property damage" arising out of the rendering or failure to render professional services by AET. *Id.* ¶ 57.

- There is no coverage under the Commercial General Liability Coverage part of the Package Policies because, among other reasons, the claim involves property damage arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at or from a site on which an insured was performing operations to test for, monitor, clean up or in any way respond to, or assess the effects of pollutants. *Id.* ¶ 60.

Thus, the facts to be explored in discovery of the Insurance Coverage Action will necessarily focus on what and when AET's principals knew of certain facts when completing their insurance application, and the legal issues will involve the interpretation of policy terms, conditions and exclusions that may apply to any purported misrepresentations or prior knowledge. These inquiries will have little or nothing to do *per se* with the facts and legal issues in the BRG Action. To the extent the allegations of the BRG Action are evaluated at all with respect to those issues to test the insurer's bases for denying the claims, that examination will be done on the face of the complaint without delving into the veracity of the claims.

On the other hand, fact discovery in the BRG Action will likely include, among other things, examination of the property history, evaluation of BRG's due diligence in acquiring the property, review of the events and circumstances surrounding the agreement between GE and BRG, and analysis of the work undertaken by numerous consultants, having very little to do with the facts at issue in the Insurance Coverage Action.

Consolidation is, therefore, not justified as these matters are of no consequence to the Insurance Coverage Action nor will the legal issues considered or resolved have any impact on the that case. *See Liberty Lincoln*, 149 F.R.D. at 81 (denying consolidation) ("[w]here the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues.") (quotation and citation omitted). Accordingly, AET's motion should be denied as AET cannot meet its burden to show commonality as required by FRCP 42(a).

## POINT III

### EVEN IF COMMONALITY EXISTED, BALANCING THE FACTORS OF SAVINGS OF TIME AND EFFORT WITH INCONVENIENCE, DELAY AND EXPENSE DOES NOT FAVOR OF CONSOLIDATION

Even if AET could meet its burden to demonstrate commonality, consolidation only stands to complicate and delay discovery for both actions,

14

which is an independent reason to deny consolidation.  *See Margolis*, 2013 WL 875987, at *3 (holding that although "both actions seemingly involve some common questions of law or fact", consolidation was "unwarranted [because] it would result in prejudice to the parties, added costs and judicial resources…"). The Insurance Coverage Action involves far more than the few factual issues that AET wrongly identifies as in dispute with Evanston.  *See* AET Br. at 4-5.[6] Moreover, AET's motion makes no mention of the ten claims against GE in the BRG Action.  And, GE has now asserted its own twelve counterclaims that stand separate and apart from the facts and legal questions at issue in the Insurance Coverage Action.  *See* D.I. 53.

There are numerous independent claims in both actions, including their attendant facts and legal issues, that do not overlap, yet consolidation would burden the parties with discovery on wholly irrelevant matters.  For example, the parties in the BRG Action have already collectively identified through initial disclosures no less than 23 potential <u>non-party</u> fact witnesses (in addition to dozens of party fact witnesses), some of whom are out of state.  Betz Decl. ¶ 3. Consolidating the cases to add more (unrelated) claims means even more discovery including extra depositions.  More parties (or at least more attorneys as EWMA

---

[6]  The Insurance Coverage Complaint makes no mention of AET's liability for the BRG Action being a basis to deny coverage.

and AET are represented by different counsel in each action) means more schedules to consider with respect to those depositions.[7]  Delay is, thus, inevitable to a matter which already has a projected fact discovery end date more than eight months from now in January 2018.  *See* Am. Scheduling Order, D.I. 56.

The BRG Action is also expected to involve a large amount of document discovery, including voluminous amounts of data and other information related to the environmental conditions at the property.  Adding in additional claims will only increase this already anticipated large amount of document discovery associated with this case, adding unnecessary expense and inconvenience to parties – like GE – who have no stake in the outcome of the Insurance Coverage Action. Thus, there is no practical benefit to consolidation.

Therefore, should the Court balance "the savings of time and effort gained through consolidation … against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions," *Liberty Lincoln*, 149 F.R.D. at 81, the result will disfavor consolidation and AET's motion should be denied.

---

[7]  EWMA's joinder letter submits that consolidation would mean EWMA "does not have to undertake the defense of both actions separately," (D.I. 62), but this conclusion does not reflect the reality that EWMA is represented by separate counsel in each action and it would have to defend just as many claims as there is no overlap between the relief sought against it by Evanston and BRG.

16

**POINT IV**

<u>**INSURANCE COVERAGE CASES ARE**</u>
<u>**NOT ORDINARILY TRIED AS PART OF THE**</u>
<u>**UNDERLYING CLAIM**</u>

Resolution of insurance coverage actions are not ordinarily tried as part of the same action as the underlying claim.  *See, e.g., Voorhees,* 128 N.J. at 173-74; *Hartford Accident & Indem. Co. v. Aetna Life & Cas. Ins. Co.*, 98 N.J. 18, 24 n.3, (1984); *N.J. Eye Ctr., P.A. v. Princeton Ins. Co.*, 394 N.J. Super. 557 (App. Div. 2007); *S.T. Hudson Eng'rs, Inc. v. Penn. Nat. Mut Cas. Co.*, 388 N.J. Super. 592 (App. Div. 2006); *Muralo Co. v. Emps. Ins. Of Wausau*, 334 N.J. Super. 282, 289-90 (App. Div. 2000).  Indeed, in many cases, the insurance issues are addressed after a trial on liability.  *See, e.g., Burd v. Sussex Mut. Ins. Co.*, 56 N.J. 383, 391 (1970) (declaratory judgment action followed trial of underlying action); *N.J. Mfrs. Ins. Co. v. Vizcaino*, 392 N.J. Super. 366, 372 (App. Div. 2007) (declaratory judgment action to follow trial of underlying action; carrier provided some defense prior to resolution of coverage issues); *L.C.S., t/a D'Jais Bar, Inc. v. Lexington Ins. Co.*, 371 N.J. Super. 482, 487-88 (App. Div. 2004) (declaratory judgment action followed settlement of underlying action; carrier ordered to reimburse defense costs); *Morton Int'l, Inc. v. Gen. Accident Ins. Co.*, 266 N.J. Super. 300, 344-45 (App. Div. 1991) (declaratory judgment action to follow resolution of underlying action).

17

Despite AET's argument that the New Jersey Appellate Division has "indicated" that correct New Jersey procedure dictates simultaneous and consolidated proceedings (AET Br. at 4), there simply is no rule in this Court – or New Jersey State Court – as to the timing or consolidation of insurance coverage actions.   Indeed, as noted, above this often is not the practice.   AET cites *Chiacchio v Chiacchio*, 198 N.J. Super. 1 (App. Div. 1984), for this proposition, which was a case holding that defendant's claim of indemnity against homeowner's insurer for plaintiff's tort claim should be transferred from the Family Division to the Law Division of the New Jersey Superior Court because it did not arise out of marital relationship that gave rise to the plaintiff's divorce and tort actions.   As AET rightly notes, the Court <u>*did not*</u> consolidate the actions, but the primary reason was not the concern for right to a jury trial.   Instead, the Court analyzed the issue under a series of applicable New Jersey State Court Rules and, in doing so, specifically rejected the argument that the insurance coverage claim shared common facts or issues with the divorce and tort action and determined the insurer was not a necessary party to the matrimonial-tort action.   *Id.* at 7-8.[8]

---

[8]   AET's reliance on *Chiacchio* is also problematic as the quote AET argues provides a preferred procedure is extracted directly from *Government Employees Insurance Co. v. Butler,* 128 N.J. Super. 492, 497 (Ch. Div. 1974), which was a case primarily concerned with the appropriate venue for an insurance coverage declaratory judgment action in New Jersey Superior Court – Chancery or Law

Indeed, much like the case here, "the adjudication of plaintiff's claims against defendant is not dependent upon the resolution of the insurer's obligations under either of the policies insuring defendant or plaintiff."

Finally, AET's fleeting reference to the Entire Controversy Doctrine as consistent with its fabricated procedural mandate for insurance coverage cases is similarly misleading.  New Jersey Court Rule 4:30A, as amended in 1998 (after the cases cited by AET were decided), unquestionably only applies to *claim* joinder and not *party* joinder.  *See* N.J. Ct. R. 4:30A.  Thus, it would not be consistent – or required – by the Doctrine – to inject Evanston's Insurance Coverage Action into this case.

## CONCLUSION

For all the reasons set forth above, General Electric respectfully requests this Court deny AET's Motion to Consolidate.

Dated:  June 5, 2017                              Respectfully Submitted,

                              By:        */s/ Ira Gottlieb*
                                          Ira Gottlieb
                                          Cynthia S. Betz
                                          McCarter & English, LLP
                                          *Attorneys for Defendant,*
                                          *General Electric Company*

_____

Division.  *Butler* is not instructive in the Federal District Court that does not distinguish between claims in equity or law.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that true copies of the foregoing Brief was filed on the Court's ECF system on June 5, 2017.  The Court's ECF System will automatically generate and send a NEF to all counsel who have appeared in this case, which constitutes service of the filed documents.  Copies of the brief were also served by electronic mail on counsel for the parties who have made appearances in the matter *Evanston Insurance Company v. AET, et al.*, No. 2:17-cv-1584 (JMV/JBC).

By:   *s/Ira Gottlieb*
Ira Gottlieb