NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRG HARRISON LOFTS URBAN RENEWAL, LLC<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, ENVIRONMENTAL WASTE MANAGEMENT ASSOCIATES, LLC, and ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC.,<br><br>Defendants. | Action No. 2:16-CV-06577-SRC-CLW |
| | **OPINION & ORDER** |
| EVANSTON INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC., ENVIRONMENTAL WASTE MANAGEMENT ASSOCIATES, LLC, and BRG HARRISON LOFTS URBAN RENEWAL, LLC<br>Defendants. | Action No. 2:17-CV-01584-JMV-JBC |

**THIS MATTER** comes before the Court on Accredited Environmental Technologies, Inc.'s (henceforth "Accredited Environmental") Motion to Consolidate (ECF No. 52) the above actions. Accredited Environmental is a defendant in the above actions filed in the District of New Jersey: *BRG Harrison Lofts Urban Renewal, LLC v. General Electric Company, et al.*, Docket Number 2:16-cv-06577-SRC-CLW (henceforth the "BRG Action") and, *Evanston Insurance Company v. AET, et al.*, Docket Number 2:17-cv-01584-JMV-JBC (henceforth the "Evanston

Action"). Environmental Waste Management Associates, Inc. (henceforth "Environmental Waste Management"), also a Defendant in both actions, joins Accredited Environmental's motion for consolidation. Codefendant, General Electric Company (henceforth "General Electric") of the BRG Action and Plaintiff, Evanston Insurance Company (henceforth "Evanston") of the Evanston Action oppose the motion. The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure, and for the reasons set forth below, the Court grants the Motion to Consolidate.

## I.     Background

### A.  BRG Action

The BRG Action relates to two parcels of land that Defendant, General Electric sold to Plaintiff, BRG Harrison Lofts Urban Renewal, LLC (henceforth "BRG") on June 9, 2015. (BRG Action Complaint, ECF No. 1 at 4 ¶9.) In February 2012, before buying the land, BRG retained Environmental Waste Management to "conduct environmental due diligence" on the property. (*Id*. at 7 ¶39.) Environmental Waste Management, defendant in both actions, hired Accredited Environmental, also a defendant in both actions, to survey the three buildings on BRG's potential land. This included conducting surveys to test for the presence of mercury on the land. (*Id*.) Over three years later, in October 2015 and January 2016, BRG reportedly found mercury on its recently acquired property. (*Id*. at 11 ¶¶51-57.) BRG filed the present action on October 6, 2016, against General Electric, Environmental Waste Management, and Accredited Environmental alleging the presence of mercury on the property it purchased from General Electric that both Environmental Waste Management and Accredited Environmental failed to detect. (*Id.*)

On December 16, 2016, Environmental Waste Management filed an answer to the BRG Action, asserting cross-claims for indemnity and contribution against Accredited Environmental

and General Electric. (BRG Action Environmental Waste Management Answer, ECF No. 17.) On December 16, 2016, Accredited Environmental also filed an answer in the BRG Action, asserting cross-claims against General Electric and Environmental Waste Management for indemnity and contribution. (BRG Action Accredited Environmental Answer, ECF No. 21.) On April 28, 2017, General Electric filed an answer to the BRG Action, asserting cross-claims against Accredited Environmental and Environmental Waste Management, as well as counterclaims against BRG. (BRG Action General Electric Answer, ECF No. 53.)

### B. Evanston Action

Accredited Environmental first notified Evanston, their insurance carrier, of the suit BRG filed against it in the BRG Action on October 26, 2016. (Evanston Action Complaint, ECF No. 1 at 5 ¶29.) Pursuant to their insurance agreement, Evanston engaged counsel to defend Accredited Environmental in the BRG Action. (*Id.* at 5 ¶32.) Evanston subsequently discovered that Accredited Environmental failed to provide them with the proper notice of the BRG Action as outlined in their policy agreements. (*Id.*) As a result, on March 8, 2017, Evanston filed a declaratory judgment action against Accredited Environmental, Environmental Waste Management, and BRG. Plaintiff Evanston asserts that it is not responsible for providing insurance coverage to Accredited Environmental for the claims alleged against it in the BRG Action. (*Id.* at 1.)

On April 21, 2017, Environmental Waste Management filed an answer to the Evanston Action, asserting counterclaims maintaining that Evanston is "obligated to defend and indemnify [Environmental Waste Management]" in the BRG Action. (Evanston Action Environmental Waste Management Answer, ECF No. 8 at 13 ¶5.) Environmental Waste Management also asserts cross-claims for indemnification, contribution, and breach of contract against Accredited Environmental.

(*Id.* at 16.) On May 12, 2017, Accredited Environmental filed an answer in the Evanston Action, asserting cross-claims against Environmental Waste Management for contribution and indemnification. (Evanston Action Accredited Environmental Answer, ECF No. 10.)

## II. Parties' Arguments

On April 27, 2017, Accredited Environmental filed the instant Motion to Consolidate the subrogation and declaratory actions. (BRG Action Notice of Motion, ECF No. 52.) Accredited Environmental contends that the factual questions and Accredited Environmental's liability in the BRG Action "will have a direct effect on the coverage determination at issue in the [Evanston] action." (BRG Action Memo. Of Law in Supp., ECF No. 52-3 at 5.) Similarly, the "coverage questions and issues in the [Evanston] action will have significant bearing and import on the BRG action." (*Id.*)

Environmental Waste Management, defendant in both actions, supports the motion for consolidation because of the common issues and facts in both matters. (BRG Action Accredited Environmental Brief in Supp., ECF No. 67.) Environmental Waste Management notes in its briefing that discovery in both actions will raise similar questions. For example the nature of Accredited Environmental's work, whether it was negligent in its due diligence processes, and whether it breached a contract with Environmental Waste Management is in dispute in both matters. The "party witnesses for Accredited Environmental will [also] be substantially the same persons in both actions." (*Id.* at 7.) Environmental Waste Management explains how Accredited Environmental's employee testimony will be critical in deciding whether the company was in fact negligent in conducting the mercury vapor survey in 2012. (*Id.*) Whether Accredited Environmental is found to be negligent will determine the extent of Evanston's insurance coverage under the Accredited Environmental Policy. (*Id.*)

Also relevant in both actions is the timing of when Accredited Environmental "believed that any claim(s) were being made against it such that its insurance carrier should be notified…" (*Id.*) Environmental Waste Management asserts that many facts having to do with notice in the BRG Action will be essential to the issues in the Evanston Action.

In opposition, Evanston and General Electric deny that the subrogation action and declaratory action involve common questions of law or fact, contend that consolidation would impose undue burden and expense, and summarize the various claims to distinguish the cases. (BRG Action General Electric Brief in Opp., ECF No. 65 at 5-24; BRG Action Evanston Brief in Opp., ECF No. 66 at 4-13.) For example, General Electric, defendant in the BRG Action, argues that the factual and legal issues presented by the Evanston Action regarding Accredited Environmental's insurance policy are not at issue in the BRG Action. (Opp. ECF No. 65 at 11.) Conversely Evanston claims that whether Accredited Environmental or Environmental Waste Management "were negligent in the performance of their professional services is not relevant" to its dispute. (BRG Action Evanston Brief in Opp., ECF No. 66 at 6.)

### III.   Applicable Law

A District Court has the "inherent power to 'control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants.'" *United States v. Kramer,* 770 F. Supp. 954, 957 (D.N.J. 1991) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254, (1936)). Rule 42(a) of the Federal Rules of Civil Procedure outlines this power indicating that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay." It is well established that this power to

consolidate cases under Rule 42 is broad sweeping. *A.S. ex. Rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (citations and quotations omitted).

The existence of common issues is a prerequisite for consolidation, but the mere presence of such issues alone does not compel consolidation. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993). At the same time, Rule 42 does not "demand [] that actions be identical before they may be consolidated." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998). Rather courts will look to whether consolidation will "streamline and economize pretrial proceedings so as to avoid duplication of effort, and [] prevent conflicting outcomes in cases involving similar legal and factual issues" *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (citations and quotations omitted); *In re Central European Distribution Corp. Sec. Litig.*, 2012 WL 5465799, * 9 (D.N.J. Nov. 8, 2012) (in considering whether to consolidate, a court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice").

## IV.     Discussion

As emphasized by General Electric and Evanston, the cases, claims, counterclaims, and cross-claims present an array of issues that range from breach of contract to negligence to duties to defend and indemnify. However, it is plain that the actions involve common questions of law and fact such that consolidation is warranted. In their opposition motion, General Electric argues as a reason against consolidating that "[Environmental Waste Management's cross-claims against Accredited Environmental in the insurance coverage action are entirely duplicative of the cross-claims Environmental Waste Management asserted against Accredited Environmental in the BRG action." (BRG Action General Electric Brief in Opp., ECF No. 65 at 12.) Quite to the contrary,

these duplicative cross-claims are a testament to how inextricably intertwined the BRG and Evanston actions are and the inherent need for consolidation.

The factual and legal issues are similar in both actions so as to warrant consolidation. It is relevant in both cases when Accredited Environmental first learned of any possible claim. Evanston even concedes to the relevance of the timing in their opposition motion, stating that the factual and legal issues that are relevant in the Evanston Action include: "1) whether AET or [Environmental Waste Management] were aware of the claims against them prior to January 1, 2016; [and] 2) when BRG's claims were first reported to Evanston." (BRG Action Evanston Brief in Opp., ECF No. 66 at 6.)

Whether "BRG's claims fall within the Professional Services and Pollution exclusions" clauses of the Evanston Policies is also a contested issue. (*Id.* at 6.) Evanston argues that BRG's claims against Accredited Environmental in the BRG Action should be excluded because of a "[p]ollution exclusion provision contained in the CGL Coverage Parts of the Evanston Policies." (*Id.* at 6.) (internal citations omitted). Even though the thrust of the Evanston Action is insurance coverage, it is certainly relevant to know what type of claims succeed in the BRG Action before deciding whether those claims fall under any insurance coverage exclusionary provisions in the Evanston Action. (*Id.* at 6.) What claims are successful in the BRG Action and the exact nature of the parties conduct in the BRG Action is inextricably intertwined with the insurance coverage questions in the Evanston Action.

In light of the duplicative questions of law and fact in both matters judicial economy will best be served by consideration of all claims in one docket. Having considered the pleadings as well as the competing submissions, the Court finds the request to consolidate these matters to be meritorious and in its discretion grants Accredited Environmental's motion for consolidation.

**ACCORDINGLY, IT IS** on this 14th day of July, 2017,

**ORDERED** that the motion (ECF No. 52) to consolidate filed by Accredited Environmental Technologies, Inc. is granted; and

**ORDERED** that 16-CV-06577-SRC-CLW and 17-CV-01584-JMV-JBC are hereby consolidated into 16-CV-06577-SRC-CLW, with all subsequent filings to be filed only in 16-CV-06577-SRC-CLW and 17-CV-01584-JMV-JBC to be closed, and the Clerk is directed to edit the dockets to reflect the same; and

**ORDERED** that the Clerk shall terminate ECF No. 52.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**