## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BRG HARRISON LOFTS URBAN RENEWAL, LLC** | : | CASE NO. 2:16-CV-06577-SRC-CLW |
| Plaintiff | : | |
| vs. | : | |
| | : | **ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC.'S THIRD-PARTY COMPLAINT** |
| **GENERAL ELECTRIC COMPANY, et al.** | : | |
| Defendants | : | |

**CONSOLIDATED WITH:**

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY.** | : | CASE NO. 2:17-CV-01584-JMV-JBC |
| Plaintiff | : | |
| vs. | : | |
| **ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC., et al.** | : | |
| Defendants and | : | |
| **ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC.,** | : | |
| Third-Party Plaintiff | : | |
| **vs.** | : | |
| **J.S. BRADDOCK AGENCY and EDGEHILL SPECIAL RISK, INC.** | : | |
| Third-Party Defendants | : | |

1

Defendant/Third-Plaintiff, Accredited Environmental Technologies, Inc., by and through its counsel, Leonard, Sciolla, Hutchison, Leonard & Tinari, LLP, hereby submits its Complaint, and in support thereof avers as follows:

## PARTIES

1. Defendant/Third-Party Plaintiff, Accredited Environmental Technologies, Inc. ("AET"), is a Pennsylvania corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having a principal place of business in Aston, Pennsylvania.

2. Third-Party Defendant, J.S. Braddock Agency ("Braddock"), is a New Jersey corporation with a principal place of business located at 22 N. Main Street, Medford, NJ 08055. At all times material and relevant to the claims averred herein, Third-Party Defendant Braddock is AET's insurance broker and was responsible for procuring coverage for AET through Evanston Insurance Company ("EIC"), among other insurance companies.

## JURISDICTION AND VENUE

3. The original Plaintiffs in the above-captioned consolidated civil actions are seeking damages, declaratory relief, and other remedies arising out of the sale of real property located in Harrison, Hudson County, New Jersey (the "Property").

4. This Court has subject matter jurisdiction over these actions pursuant to 28 U.S.C. § 1331 and 1367.

5. Third-Party Defendant Braddock is subject to the personal jurisdiction of this Court and venue is proper in this District under 28 U.S.C. § 1391(b) in that the acts of Third-

Party Defendant Braddock complained of herein occurred in this District and each of the Third Party Defendants transacts, does, and solicits business in this District.

## BACKGROUND

6. On October 6, 2016, a Complaint was filed against AET and other defendants by BRG Harrison Lofts Urban Renewal, LLC ("BRG"), in this Court, in an action docketed as BRG Harrison Lofts Urban Renewal, LLC v. Accredited Environmental Technologies, Inc., et al, D. NJ., Docket No.: 2:16-CV-06577-SRC-CLW (hereinafter the "BRG Action").

7. The BRG Action involves a claim for Negligence/Malpractice against AET, as well as related claims against the other defendants in that action, by BRG, arising out of, *inter alia*, AET's alleged negligence in conducting a mercury vapor survey at the Property purchased by BRG as part of a due diligence process allegedly conducted by BRG. Environmental Waste Management Associates, LLC ("EWMA") is also named as a defendant by BRG in connection with these claims.

8. On March 10, 2017, a separate Complaint was filed, also in this Court, against AET, EWMA and BRG by Evanston Insurance Company, in an action docketed as Evanston Insurance Company v. Accredited Environmental Technologies, Inc., et al, D. NJ., Docket No.: 2:17-CV-01584-JMV-JBC (hereinafter the "EIC Action").

9. In the EIC Action, EIC has alleged in its Complaint against AET in support of its denial of insurance coverage and having to provide AET with a defense in the BRG Action, *inter alia*, claims of fraud and thus in the EIC Action EIC seeks a declaratory judgment that it is not required to provide insurance coverage for the claims asserted against AET in the BRG Action.

The cases have since been consolidated by Order of this Honorable Court under the caption of the BRG Action for docketing and filing purposes.

10. The two primary allegations made by EIC in its Complaint in support of the relief it seeks with regard to AET are as follows: first, that AET did not put EIC on notice of the underlying claim in the BRG Action in what EIC deems to be a timely fashion; and secondly, that AET affirmatively misrepresented to EIC that it did not have a claim made against it relating to the matters ultimately alleged in the BRG Action when it submitted an application by and through Braddock to EIC, resulting in the issuance by EIC of Policy No. 16PKGNE60291.

11. AET received a letter from BRG dated November 19, 2015.  AET believed and understood said letter to simply be a notice by BRG of a possible discrepancy in the results of work performed at the Property by AET and reported to EWMA in a written report dated in August 2012 (which report has been characterized by BRG as the "AET Mercury Report").

12. When AET performed the work at the Property in 2012 culminating in the AET Mercury Report, AET did so pursuant to an agreement with EWMA and without knowledge at that time of BRG's or any other party's connection to the Property or what use(s) EWMA may make of the AET Mercury Report beyond what AET contracted with EWMA to perform at that time at the Property.

13. Based upon the contents of the letter, AET further understood said letter in November 2015 from BRG to be an invitation to AET for AET to participate in further testing at the Property to try to understand the reason(s) for any such discrepancy, and AET accepted the offer. Said further investigations and testing at the Property was done after the date on which

AET provided Braddock with the application for submission to EIC for the issuance by EIC of Policy No. 16PKGNE60291.

14. At the time of its submission of an application to EIC for the issuance by EIC of Policy No. 16PKGNE60291, AET lacked information or documentation beyond what was contained in BRG's letter concerning the alleged discrepancy in the mercury vapor readings at the Property and also did not have a copy of any document of EWMA which contained anything used by EWMA from the AET Mercury Report.

15. AET did not understand the BRG letter to allege that AET had committed professional negligence in performing the 2012 work at the Property and such work had, to AET's knowledge at that time, been performed solely for EWMA. The existence of BRG and its alleged connection with the Property in 2012 was not disclosed AET by EWMA.

16. Accordingly, there was no reason for AET to believe, at the time of its submission of an application to EIC for the issuance by EIC of Policy No. 16PKGNE60291, that any such professional negligence claim by BRG was contemplated or actually being made against AET. There was no greater reason at such time for AET to understand that any more recent testing was any more accurate or the results of any such testing any more valid (or perceived to be by BRG) than the work done by AET and the results obtained by AET from such work done by AET in 2012 at the Property.

17. In light of further discussions between Alan Sutherland ("Sutherland"), President of AET, and Jack Henderson ("Henderson") of Braddock (Mr. Henderson has since left the employ of Braddock) who was at that time the long-standing agent handling AET's insurance needs at Braddock and in direct reliance on such discussions, AET had no further reason to

believe that a claim had yet been definitively made against AET at the time of its submission of an application to EIC for the issuance by EIC of Policy No. 16PKGNE60291. In fact, in reliance on such discussions and the other circumstances of that time period, AET had a well-founded belief to the contrary after disclosing to Braddock the BRG letter and a letter from counsel for EWMA.

18. At the time of the further testing done at the Property, AET's representative(s) at the site observed significantly different physical conditions in the buildings in which AET had done its work in 2012 under its agreement with EWMA, which changes AET believes and avers would alone alter the mercury vapor readings and results from those obtained by AET in 2012.

19. Such changes in the physical conditions in the buildings on the Property caused AET to continue to believe that no claim of negligence could be made against it arising out of the work done by AET in 2012 at the Property, and published in the AET Mercury Report.

20. After such further testing was done at the Property and the results of said additional testing were disclosed to AET on or about February 6, 2016 indicating the presence of mercury vapor at the Property differently than what was determined by AET and indicated by AET in the AET Mercury Report, AET promptly notified Braddock that a specific claim was being made against AET relating to AET's work performance and AET Mercury Report of 2012 and requested that Braddock, as had been their course of dealing for years, notify all necessary persons and/or parties pursuant to AET's insurance policy(ies) with EIC.

21. Braddock has alleged that, on or about February 10, 2016, it notified Edgehill Special Risk, Inc. ("Edgehill"), AET's surplus lines insurance broker, by and through the person

6

of James (Jim) Ward at Edgehill of the claim(s) being alleged against AET which should be covered by AET's insurance policy(ies) with Evanston.

22.     Braddock has further alleged that Edgehill claims it in turn notified Evanston (through Evanston's claims servicing agent, Markel) but Braddock did not independently verify that Evanston was notified at that time of claims against AET.

23.     However, Braddock did not otherwise take any action to notify Evanston of the claims made against AET as set out in the BRG Complaint filed in the BRG Action.

24.     Further, Braddock did not take any action to obtain written confirmation of any notice to Evanston purportedly done by Edgehill in February 2016, nor did it notify AET that it did not have any such confirmation of notice to Evanston, thereby causing AET to reasonably rely upon the fact that timely notice had in fact been given to Evanston.

25.     Braddock also did not take any action at or near that time to confirm with Evanston and/or Markel that notice of the claim had been timely received by them and that the claim was being assigned to a Markel or Evanston representative for handling and any investigation.

26.     Thereafter, in October 2016, AET was served with BRG's Complaint filed in the BRG Action.

27.     AET promptly notified Braddock of the filing and service of the Complaint and sought to have Evanston immediately notified of this further action taken against it so that Evanston would be able to follow-up on the prior notice of the claim(s) (which AET believed) had been made) against it.

28.     Evanston has alleged that it did not receive any notice of (a) claim(s) being made against AET until October 2016.

29.     In reliance upon Braddock, AET believed that notice of the claim(s) had been made to Evanston no later than February 2016 and such belief seemed to be confirmed when Evanston assigned counsel to AET to handle its defense of the claims being made against AET in BRG Action.

30.     It was not until in or about March 2017 that AET learned that Evanston was then disclaiming coverage to AET for such claims under all insurance policies issued by Evanston for the putative reasons alleged by EIC in Evanston's Complaint filed on March 10, 2017 in the EIC Action.

31.     AET believes and therefore avers that an insurance broker's duty of care is to: (1) have the degree of skill and knowledge requisite to his or her employment responsibilities, (2) exercise good faith and reasonable skill, care and diligence in the execution of his or her employment responsibilities, (3) possess reasonable knowledge of available polices and terms of coverage in the area in which the insured seeks protection; and (4) either procure the coverage necessary for the client's exposures or advise the client of his or her inability to do so.

32.     As averred herein, Braddock, while in performance of said services performed by them, failed to exercise that degree of care, knowledge and skill ordinarily possessed and exercised in similar situations by Braddock and by the average licensed insurance broker who is practicing in the State of New Jersey (see forthcoming Affidavit of Merit pursuant to N.J.S.A. § 2A:53A-27), which conduct is the proximate cause of AET's damages averred herein.

## COUNT I – NEGLIGENCE

33. AET adopts and repeats the allegations contained in Paragraphs 1-31 of its Third-Party Complaint as though fully set forth herein.

34. As insurance brokers licensed in the State of New Jersey, Braddock owed AET a common law duty of care to act with reasonable skill and diligence, including, but not limited to:

    a. procuring the coverage necessary for AET's exposures;

    b. advising AET what was necessary for the procurement of necessary coverage for its exposures during the application process for said coverage; and

    c. notifying EIC of all potential claims, as it had always done on behalf of AET, which AET brought to Braddock's attention.

35. As averred herein, Braddock, in breach of the duty described above, negligently and carelessly:

    a. Failed to procure the coverage necessary for AET's exposures including, but not limited to, the coverage necessary to defend against all claims in the BRG Action;

    b. Failed to advise AET that it needed to indicate on the application for Policy No. 16PKGNE60291 that AET had received the November 19, 2015 Letter;

    c. Failed to advise AET that the November 19, 2015 Letter possibly constituted notice of a "claim" which EIC needed to be notified about and/or indicated on the application submitted for Policy No. 16PKGNE60291;

    d. Failed to notify EIC of the actual notice of claim letter dated February 6, 2016 submitted to Braddock by AET in a timely manner; and

   e. Failed to otherwise exercise due care and skill with respect to the matters alleged in this Complaint.

 36. As a result therefrom, EIC has disclaimed coverage of the claims alleged against AET in the BRG Action, and AET has been forced to retain counsel to defend against said claims. Additionally, AET has been forced to retain counsel to defend against claims submitted by EIC.

 37. Braddock's conduct, as averred herein, is negligent, which negligence has caused damages to, and will continue to cause damages to, be suffered by AET.

 **WHEREFORE**, Plaintiff, AET, demands judgment against Third-Party Defendant. J.S. Braddock Agency, for compensatory and incidental damages, plus interest, attorney's fees and costs, including all costs associated with the underlying action, and such other relief as this Honorable Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

 38. AET adopts and repeats the allegations contained in Paragraphs 1-36 of its Third-Party Complaint as though fully set forth herein.

 39. AET and Braddock were parties to an agreement under which Braddock would seek out and procure the necessary coverage for AET's exposures, advise and assist AET with filling out applications for same, and notify EIC of any potential claims which AET notified Braddock of. Braddock undertook these obligations in exchange for payment by AET.

 40. Braddock materially breached the agreement in the following ways:

   a. Failing to procure the coverage necessary for AET's exposures including, but not limited to, the coverage necessary to defend against all claims in the BRG Action;

    b. Failing to advise AET properly in connection with the completion and submission of the application for Policy No. 16PKGNE60291;

    c. Failing to advise AET as to the potential risks and consequences of not providing Evanston with information about the potential for a claim prior to February 2016; and

    d. Failing to directly notify EIC of the notice of claim letter dated February 6, 2016 submitted to Braddock by AET in a timely manner, as it had done on all prior occasions.

  41. As a result therefrom, EIC has disclaimed coverage of the claims alleged against AET in the BRG Action, and AET has been forced to retain counsel to defend against said claims. Additionally, AET has been forced to retain counsel to defend against claims submitted by EIC.

  42. Braddock's conduct, as averred herein, are material breaches of the agreement it had (and under which it profited) with AET, which breaches have caused damages to, and will continue to cause damages to, AET.

  **WHEREFORE**, Plaintiff, AET, demands judgment against Third-Party Defendant, J.S. Braddock Agency, for compensatory and incidental damages, plus interest, attorney's fees and costs, including all costs associated with the underlying action, and such other relief as this Honorable Court deems just and proper.

### COUNT III – INDEMNIFICATION AND CONTRIBUTION

  43. AET adopts and repeats the allegations contained in Paragraphs 1-42 of its Third-Party Complaint as though fully set forth herein.

  44. AET has denied liability to the Plaintiff for allegations of fraud and affirmative misrepresentation(s), but asserts that if relief is granted as against AET and in favor of Plaintiff

(EIC), AET is entitled to indemnification and/or contribution for Braddock's negligence contributing to the fraud alleged in the original Complaint.

45. AET is entitled to indemnity and/or contribution from Braddock for Braddock's acts and/or omissions including, but not limited to:

 a. Failing to procure the coverage necessary for AET's exposures including, but not limited to, the coverage necessary to defend against all claims in the BRG Action;

 b. Failing to advise AET that it needed to indicate on the application for Policy No. 16PKGNE60291 that AET had received the November 19, 2015 Letter;

 c. Failing to advise AET that the November 19, 2015 Letter possibly constituted notice of a "claim" which EIC needed to be notified about and/or indicated on the application submitted for Policy No. 16PKGNE60291;

 d. Failing to notify EIC of the actual notice of claim letter dated February 6, 2016 submitted to Braddock by AET in a timely manner; and

 e. Failing to otherwise exercise due care and skill with respect to the matters alleged in this Complaint.

**WHEREFORE**, in the event that judgment is entered for the Plaintiff, EIC, against Defendant/Third-Party Plaintiff, AET, AET is entitled to common law indemnity and/or contribution from Braddock for any and all such amounts, plus costs and expenses associated and incurred as a result of defending this claim, as well as any other relief this Honorable Court deems necessary and proper.

        Respectfully submitted,

        **LEONARD, SCIOLLA, HUTCHISON,**
        **LEONARD & TINARI, LLP**


By:  */s/ Keith N. Leonard*
        Keith N. Leonard, Esquire
        Stephen J. Labroli, Esquire
        72 East Main Street
        Moorestown, New Jersey 08057
        Telephone: (856) 273-6679
        Fax: (856) 273-0109
        E-mail: kleonard@leonardsciolla.com
        Attorney for Plaintiff,
        Accredited Environmental
        Technologies, Inc.

Dated: March 13, 2018