| | |
|---|---|
| BRG HARRISON LOFTS URBAN RENEWAL LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, ENVIRONMENTALWASTE MANAGEMENT ASSOCIATES, LLC and ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC.,<br><br>              Defendants. | Civ. Act. No. 2:16-CV-06577<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on Defendant, Environmental Waste Management Associates, LLC's ("EWMA" or "Defendant") motion for leave to file a Third-Party Complaint against Langan Engineering and Environmental Services, Inc. ("Langan") and John Wood Group PLC as successor-in-interest to AMEC PLC ("AMEC"). (ECF No. 182.) Plaintiff, BRG Harrison Lofts Urban Renewal LLC ("BRG" or "Plaintiff") and Co-Defendant, General Electric Company ("GE") oppose the motion. (ECF Nos. 183, 184.) EWMA replied. (ECF No. 192.) For the reasons set forth below, EWMA's motion is **GRANTED**.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts and will only address those necessary to decide this motion. This case arises out of BRG's purchase in 2015 of properties in Harrison, New Jersey that were contaminated with mercury. BRG first filed its complaint on October 6, 2016, alleging various claims against EWMA, and multiple other defendants[1], pertaining to the

---

[1] Accredited Environmental Technologies, Inc. ("AET"), GE and EWMA were all named as Defendants in BRG's initial complaint on October 6, 2016 (ECF No. 1). On April 4, 2017, AET filed a motion to consolidate cases 16-CV-06577-SRC-CLW and 17- CV-01584-JMV-JBC into the present case. (ECF No. 52). On July 14, 2017, the Court granted AET's motion to consolidate, which added Evanston Insurance Company to the case. (ECF No. 82). On January 17, 2018, AET filed two motions for leave to file a third-party complaint against Arizona Instrument LLC, Field Environmental

1

Environmental Services Agreement ("ESA") between EWMA and BRG. (ECF No. 1.) Plaintiff alleges EWMA breached the parties contract concerning the ESA ("Count X") and was negligent in failing to question Accredited Environmental Technologies, Inc.'s ("AET") mercury survey results that failed to detect the extent of the mercury contamination in buildings it purchased (ECF No. 12), which Plaintiff relied upon before it purchased the properties.

In February 2012, prior to its purchase of the contaminated properties, BRG entered the ESA with EWMA, which required EWMA to perform due diligence and survey the properties for the presence of mercury. (ECF No. 1, ¶ 39, 40.) In June 2012, EWMA subcontracted with co-defendant AET to conduct a survey and assess the levels of mercury contamination in the buildings. (ECF No. 1, ¶ 39, 180.) AET's survey revealed minimal mercury contamination. In 2013, after AET conducted its survey, GE retained AMEC to perform its own investigation of the property that revealed additional mercury contamination not identified in AET's survey. (ECF No. 182.) On June 12, 2014, EWMA's director, Anthony Kaufman ("Kaufman"), resigned from EWMA and subsequently commenced employment with Langan in August 2014. (ECF No. 182.) While employed at EWMA, Kaufman oversaw its work at BRG's properties, and then, upon resigning, took BRG's business to Langan. (ECF No. 182.) Langan provided consulting services to BRG regarding the environmental conditions at the properties and advised BRG throughout the negotiations with GE that resulted in its purchase of the properties. *Id.*

The Third-party Complaint alleges that AMEC and Langan were both negligent and therefore jointly liable to Plaintiff because despite their knowledge that AET's survey results were inconsistent with AMEC's, they failed to advise Plaintiff of the new data before purchasing the properties. (ECF No. 182-5.)

---

Instruments, Inc. and JS Braddock Agency. (ECF Nos. 96, 97). On February 15, 2018, the court issued an Opinion and Order granting the motions. (ECF Nos. 105, 106). On May 3, 2018, JS Braddock filed a third-party complaint against Edgehill Special Risk. (ECF No. 115).

Since this case was removed to federal court, scheduling orders were entered and/or amended on six occasions.[2] At the request of GE and BRG, discovery in this case was stayed twice, resulting in a cumulative delay of nearly two years.[3] The scheduling order relevant to this motion was entered on August 15, 2017, setting a January 17, 2018 deadline for motions to file a third-party complaint. (ECF No. 88.) EWMA alleges that in late 2017 it received 47,000 documents collectively from Langan and AMEC. (ECF No. 192.) On February 13th and 14th, 2018 respectively, GE and BRG requested an extension of discovery due in part to the recent production of hundreds of thousands of pages of documents between the parties.[4] (ECF Nos. 102 & 103.) EWMA alleges that after these voluminous productions, the parties began to discuss settlement and mediation. (ECF No. 192.) In October 2018, the parties stipulated to attend mediation, and on October 26, 2018, this Court stayed discovery pending the mediation. (ECF No. 148.) On February 25, 2020, the Court held a settlement conference, lifted the stay, and extended fact discovery through November 30, 2020. (ECF No. 176.) On May 4, 2020, EWMA filed its motion for leave to file a third-party complaint against Langan and AMEC, alleging that, to the extent EWMA is found liable, AMEC and Langan are liable for all or part of those damages. (ECF No. 182.) On May 14, 2020, BRG and GE filed their respective oppositions to EWMA's motion. (ECF Nos. 183 & 184.) On June 8, 2020, EWMA filed its reply. (ECF No. 192.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14 permits a Defendant to "serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claims against it," so long as the claim

---

[2] On February 14, 2017 (ECF No. 40); May 8, 2017 (ECF No. 56); August 14, 2017 (ECF No. 88); February 15, 2018 (ECF No. 104); June 20, 2018 (ECF No. 131); and February 25, 2020 (ECF No. 176).

[3] At the request of GE, discovery was stayed from March 24, 2017 (ECF No. 47) through May 8, 2017 (ECF No. 56) pending a decision on a motion to dismiss and at the request of GE and BRG, the case was stayed from October 26, 2018 (ECF No. 148) through February 25, 2020 (ECF No. 176), while the parties attended mediation.

[4] GE and BRG disputed the amount of time necessary for the requested extension.

3

arises out of the same transaction or occurrence that is the subject matter of the plaintiff's claim. Fed. R. Civ. P. 14(a). Courts also consider the following four equitable factors: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for the complication of issues at trial; and (4) prejudice to the original plaintiff." *Erkins v. Case Power & Equip. Co.*, 164 F.R.D. 31, 32 (D.N.J. 1995), *superseded on other grounds by statute*, N.J.S.A. 2A:15–97.  If the third-party complaint is filed more than 14 days after the Defendant served its original answer, the defendant "must, by motion, obtain the court's leave." Fed. R. Civ. P. 14(a)(1). The purpose of Rule 14 is to "prevent a multiplicity of suits arising out of the same factual situation." *Mechin v. Carquest Corp.*, 07-cv-5824 (ES), 2010 WL 3259808, *4 (D.N.J. Aug. 17, 2010).  Therefore, courts in this district have discretionary authority to determine whether to grant the motion. *See*, *e.g.*, *Worster-Sims v. Tropicana Ent., Inc.*, 46 F. Supp. 3d 513 (D.N.J. 2014); *Chao v. New Jersey Licensed Bev. Ass'n, Inc.*, 461 F. Supp. 2d 303 (D.N.J. 2006).  However, "when a party moves to amend or add a party after the deadline in a district court's scheduling order, the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp Sols., LLC v. UPMC*, 19-cv-1838, 2020 WL 4668235, at *1 (3d Cir. Aug. 12, 2020).

### III.   DISCUSSION

BRG argues that EWMA fails to show "good cause" under Rule 16 because it seeks to add a party after the deadline in the Court's scheduling order. (ECF No. 183.) Additionally, BRG and GE argue that EWMA's motion should be denied under Rule 14 because its third-party claims are not derivative of the main claim at issue in this litigation[5] and because the four equitable factors above weigh against granting EWMA's motion. (ECF Nos. 183 & 184.)

#### A.  Rule 16

---

[5] EWMA's third-party complaint asserts claims against Langan and AMEC for contribution and indemnification pursuant to the New Jersey's Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A–1, et seq., (hereinafter "JTCA") and the Comparative Negligence Act, N.J.S.A. 2A:15–5.1, et seq. (hereinafter "CNA"). (ECF No. 192).

BRG alleges that EWMA has not demonstrated "good cause" under Rule 16 to amend the scheduling order, while EWMA and GE failed to address the issue. Nevertheless, this Court finds that EWMA has demonstrated "good cause." Although EWMA untimely filed its motion to amend, "[t]he mere passage of time does not require that a motion to amend . . . be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "What will constitute good cause to warrant modification necessarily varies with the circumstances of each case. The Court therefore has great discretion in determining what kind of showing the moving party must make to satisfy the good cause requirement of Rule 16(b)." *Jani v. The Provident Bank*, No. 13-6057 (WJM), 2016 WL 830802, at *1 (D.N.J. Mar. 3, 2016). Courts in this District have found "good cause" where the delay was associated with settlement discussions and the party continued to move forward with the litigation, including discovery. *Trotman v. Monmouth Univ.*, 09-cv-6163 (JAP), 2011 WL 4387123, at *7 (D.N.J. Sept. 20, 2011), *aff'd*, 09-cv-6163 (JAP), 2012 WL 95345 (D.N.J. Jan. 12, 2012) (finding good cause because of settlement negotiations and moved forward with the litigation); *Napolitano v. Ragan & Ragan*, 15-cv-2732 (FLW), 2017 WL 3535025, at *2 (D.N.J. Aug. 17, 2017) (finding good cause where delay was associated with discovery and settlement discussions). Here, EWMA untimely filed a third-party complaint because it did not have sufficient time to review the forty-seven thousand documents received from AMEC and Langan shortly before the January 17, 2018 deadline or the additional 300,000 pages of documents produced shortly thereafter. This coupled with the parties' settlement discussions and mediation that stayed the case for over a year leads the Court to find that EWMA has met the "good cause" standard set forth in Rule 16(b) for modifying a scheduling order.

### B. Rule 14

As an initial matter, BRG and GE spend substantial space arguing the merits of whether EWMA's claims against Langan and AMEC are derivative of the main claim however, a determination of

whether to permit a third-party complaint under Rule 14 does not require the equivalent of substantive motion practice. Instead, courts in this district consider the four equitable factors outlined above. *Erkins*, 164 F.R.D. at 32 (D.N.J. 1995), *superseded on other grounds by statute*, N.J.S.A. 2A:15–97; *Mechin*, 2010 WL 3259808 at 5. These factors are not dispositive and must always be weighed against the need for judicial economy. *See Spencer v. Cannon Equip. Co.*, CIV. 07-2437 (JBS), 2009 WL 1883929, at *4 (D.N.J. June 29, 2009) (granting a motion for leave to file a third-party claim, despite a 16-month delay between the initial claim and the motion for leave).

Even if this Court were to consider BRG and GE's substantive arguments, courts in this Circuit regularly permit third-party complaints based upon contribution and/or indemnity. *Anderson v. Dreibelbis*, 104 F.R.D. 415, 416 (E.D.Pa. 1984), *aff'd*, 787 F.2d 580 (3d Cir. 1986); *Napolitano v. Haven Homes Inc.*, 10-cv-1712 (FLW), 2012 WL 253175, at *13 (D.N.J. Jan. 26, 2012). Here, to the extent EWMA is held liable for negligently failing to question AET's mercury survey results, this Court finds that EWMA has asserted facts which, if taken as true, are sufficient to allege third-party claims against AMEC and Langan for contribution and/or indemnification.[6] The following allegations asserted by EWMA support a finding that its claims against AMEC and Langan are derivative under Rule 14: (1) in July 2013, AMEC was provided with a copy of AET's mercury vapor survey; (2) in August 2013, AMEC performed testing and found mercury vapor on the first floor of Building C, which was not in AET's survey; (3) AMEC did not conduct or recommend further sampling at the time; (4) AMEC conducted further testing in 2014, which detected additional mercury in areas not previously identified in AET's survey and despite this knowledge AMEC did not raise issue with AET's survey and instead "adopted and appended AET's analysis . . . into its own report, which was shared with Plaintiff. . . ." (5) Langan also negligently failed to question AET's mercury

---

[6] BRG notes in its opposition that EWMA "could bring a contribution action against Langan and AMEC if it is found liable to plaintiff." (ECF No. 183.)

6

survey results even though Langan was presented with AMEC's findings and was aware of the AET survey results. (ECF No. 182-5.)

      i.   Timeliness of the motion

While timeliness is not solely determined by the deadlines in scheduling orders, courts in this Circuit have found motions for impleader to be untimely where the party was delayed in filing the motion, despite knowingly having a basis for impleader at the outset of the case. *Mechin*, 2010 WL 3259808, at 6; *Bethlehem Iron Works, Inc. v. Lewis Industries, Inc.*, 94-cv-0752, 1995 WL 366094, at *2 (E.D. Pa. June 19, 1995). EWMA acknowledges that it filed its motion after the deadline set in the Court's scheduling order, but argues that it did not have sufficient information to file this motion by the deadline due to the substantial document productions and that the delay is primarily associated with the protracted nature of settlement discussions and mediation. (ECF No. 182-1.) While this case was originally removed to this Court in October 2016, discovery was stayed twice, most recently for sixteen months during mediation. Notably, GE and BRG were the primary proponents of both requests to stay. *Id*. Considering the lateness of EWMA's motion in conjunction with the parties' settlement negotiations[7] and the substantial delay in discovery due to the 16-month stay pending mediation, the Court finds the timeliness factor neutral.

      ii.   Probability of trial delay

In determining whether a Rule 14 motion will cause undue delay, courts weigh the possibility of delaying resolution of a case against the possibility of two separate trials. *Spencer*, 2009 WL 1883929, at 4. Notwithstanding this consideration, "[i]t is well-recognized that in most, if not all cases involving impleaded parties, the movant's claims against the third-party defendant might delay resolution of the matter and increase the complexity of the trial." *XL Specialty Ins. Co. v. PCS*

---

[7] EWMA reasoned that soon after it received documents that potentially established Langan and AMEC's liability to BRG, the parties entered into settlement discussions and EWMA did not wish to impede upon a potential resolution of the case. (ECF No. 192.)

7

*Wireless Warehouse, Inc.*, 18-cv-17210 (KM)(MAH), 2020 WL 967855, at *4 (D.N.J. Feb. 28, 2020); *Mechin*, 2010 WL 3259808, at 5. Courts also consider whether fact discovery is still open and whether impleading the third-party defendants will require complex, additional discovery. *See Gonzalez v. New Jersey*, 14-cv-7932 (KM)(MAH), 2019 WL 291162 (D.N.J. Jan. 23, 2019). Delay can be deemed too burdensome, however, if it would substantially alter the scope of the case. *See LM Ins. Co. v. All-Ply Roofing Co., Inc.*, 14-cv-4723 (JMV), 2017 WL 1136669 at *2, 3 (D.N.J. Mar. 27, 2017) (denying joinder where it would likely require new, different discovery and potentially require deposition of new experts).

Here, the third-party claims against Langan and AMEC will not substantially alter the scope of the case because they concern the same factual circumstances as the original complaint, substantially similar evidence, witnesses and legal issues raised by Plaintiff. (ECF No. 192.) Moreover, because fact discovery remains open, depositions have yet to be taken, and because Langan and AMEC have already participated in discovery, it is unlikely that their addition to the case will require any unduly complex or lengthy discovery. *Id.* Even if joinder causes some delay, as GE and BRG allege, such delay is expected in the majority of Rule 14 motions and is outweighed by this Court's concern for judicial economy. With no trial date set and discovery still open, it is unlikely that Langan and AMEC's addition will cause undue delay at trial, and thus this factor weighs in favor of granting EWMA's motion.

    iii.    <u>Potential for the complication of the issues at trial</u>

Contrary to BRG and GE's assertions, the addition of AMEC and Langan to this suit will not overly complicate issues at trial. *See Mechin*, 2010 WL 3259808, at 6-7 (permitting joinder because the third-party claims "involve the same factual circumstances and do not substantially complicate the legal issues[.]"). Attempts to implead foreign Defendants or to raise claims that are separate and distinct from the original complaint are common examples of third-party claims that would

complicate the issues at trial. *Id.* at 7 (finding that adding a foreign defendant shortly before the close of discovery would complicate the trial). However, basic contribution or indemnification claims are not found to complicate matters at trial. *LM Ins. Co.*, 2017 WL 1136669 at 3; *see also Krassan v. Havana, Inc.*, No. 14-1405 JAP DEA, 2014 WL 6609117, at *3 (D.N.J. Nov. 20, 2014). Because EWMA's third-party claims are for contribution and indemnification, and because it involves the same factual circumstances as BRG's original complaint, this factor weighs in favor of granting EWMA's motion.

      iv.    <u>Prejudice to the Plaintiff</u>

BRG argues that it will be prejudiced by permitting EWMA to file a third-party complaint because it will be costly and delay the resolution of the case.  (ECF No. 183.)  GE does not argue any specific prejudice and only alleges that the parties will generally be prejudiced due to delay and potential costs.  (ECF No. 184.) "The 'mere fact of delay' due to the addition of parties does not equate to prejudice to the Plaintiff." *Mechin*, 2010 WL 3259808 at 12 (quoting *Spencer*, 2009 WL 1883929 at 7); *Hitachi Capital Am. Corp. v. Nussbaum Sales Corp.,* 09-cv-731 (SDW), 2010 WL 1379804, at *6-7 (D.N.J. Mar. 30, 2010). Additionally, although courts consider cost when determining prejudice, it is not dispositive. *XL Specialty Ins. Co.*, 2020 WL 967855, at *5 (D.N.J. Feb. 28, 2020).

Here, BRG and GE have failed to demonstrate that BRG will be prejudiced by any delay or added complexity that results from adding Langan and AMEC to the suit.  As noted above, EWMA's third-party claims arise out of and relate directly to the allegations contained in the BRG's amended complaint.  Given that this case has already been delayed several times at the requests of GE and BRG, there is no trial date set, discovery is still ongoing, and that Langan and AMEC have already participated in discovery, the claims of prejudice are unpersuasive. For these reasons, this factor supports granting EWMA's motion.

## C. CONCLUSION

Based on the foregoing, the Court finds that any potential prejudice to Plaintiff from having the action for indemnification and contribution adjudicated in this action will be minimal, compared to the benefit of avoiding a separate action on those issues. The Court will therefore allow the proposed Third-Party Complaint to be filed.

It is on this 21st day of August 2020,

**ORDERED** that Plaintiff's Motion for Leave to File a Third-Party Complaint (ECF No. 193) is **GRANTED**; and

**FURTHER ORDERED** that the Clerk of Court shall terminate Docket Entry 182.

                                       *s/Cathy L. Waldor*
                                       **CATHY L. WALDOR**
                                       **United States Magistrate Judge**