**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRG HARRISON LOFTS URBAN RENEWAL LLC, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, ENVIRONMENTAL WASTE MANAGEMENT ASSOCIATES, LLC and ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC. <br><br> Defendants. | Civil Action No. 2:16-cv-06577 (SRC) <br><br> **OPINION & ORDER** |
| ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> FIELD ENVIRONMENTAL INSTRUMENTS, INC. and ARIZONAINSTRUMENT LLC, <br><br> Third-Party Defendants. | |
| ENVIRONMENTAL WASTE MANAGEMENT ASSOCIATES, LLC, <br><br> Third-Party Plaintiff, <br> v. | |

| | |
|---|---|
| LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.; JOHN WOOD GROUP PLC as successor-in-interest to AMEC PLC,<br><br>        Third-Party Defendants. | |
| EVANSTON INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL WASTE MANAGEMENT ASSOCIATES, LLC, ACCREDITED ENVIRONMENTAL TECHNOLOGIES, INC., and BRG HARRISON LOFTS URBAN RENEWAL LLC,<br><br>        Defendants. | Civil Action No: 2:17-CV-01584 |
| ACCREDITED ENVIRONMENTALTECHNOLOGIES, INC.,<br><br>        Third-Party Plaintiff,<br>v.<br><br>J.S. BRADDOCK AGENCY,<br><br>        Third-Party Defendant. | |
| J.S. BRADDOCK AGENCY,<br><br>        Fourth-Party Plaintiff,<br><br>v.<br><br>EDGEHILL SPECIAL RISK, INC.,<br><br>        Fourth-Party Defendant. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion for reconsideration of this Court's Opinion and Order, filed on February 5, 2021, brought by Defendant/Third-Party Plaintiff Environmental Waste Management Associates, LLC ("EWMA"). In the Opinion and Order of February 5, 2021, this Court granted two motions to dismiss the Third-Party Complaint ("3PC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), each brought by a Third-Party Defendant: 1) the motion to dismiss the 3PC by Langan Environmental and Engineering Services, Inc. ("Langan"); and 2) the motion to dismiss the 3PC by Wood Environment & Infrastructure Solutions, Inc. ("AMEC").[1] For the reasons stated below, the motion for reconsideration will be denied.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); L. Civ. R. 7.1(i).

EWMA contends that this Court erred in its analysis of the question of whether the 3PC pled sufficient facts to make plausible that Langan and AMEC were joint tortfeasors with EWMA under New Jersey law. EWMA argues that "the facts alleged within the Third Party

---

[1] Wood Environment & Infrastructure Solutions, Inc. contends that it is successor-in-interest to Amec Foster Wheeler, referenced in the First Amended Complaint ("FAC") as "AMEC." (FAC ¶ 50.) The 3PC names John Wood Group PLC as the success-in-interest to "AMEC PLC." The entity "John Wood Group PLC" has appeared in this case, but contends that its name has been improperly pled. To reduce confusion, this Opinion will refer to the successor-in-interest to Amec Foster Wheeler, the "AMEC" in the FAC, as "AMEC."

3

Complaint are factually distinguishable and critically different from those presented in *Cherry Hill*," and this Court "erred in not relying on the directly analogous factual situation in" LaBracio Family P'ship v. 1239 Roosevelt Ave., Inc., 340 N.J. Super. 155, 165 (N.J. Super. Ct. App. Div. 2001).  (EWMA's Recon. Br. 5.)

In their opening briefs in support of their motions to dismiss the 3PC, both Langan and AMEC had argued that EWMA's third-party contribution claim must be dismissed because the allegations contained in the 3PC do not support the inference that either third-party Defendant was a "joint tortfeasor" with EWMA, as defined in New Jersey's Joint Tortfeasors Contribution Act, N.J.S.A. § 2A:53A–1.  In support, both Langan and AMEC had cited the discussion of the interpretation of this definition in the New Jersey Supreme Court case of Cherry Hill Manor Assocs. v. Faugno, 182 N.J. 64, 72 (2004), as well as other New Jersey cases.

EWMA's two opposition briefs responded to these arguments with passages that are substantially similar:

> Langan relies entirely on cases that are inapposite, in that they deal with the distinguishable fact pattern in which there are separate and successive torts, severable as to time and duty. . .
>
> In Cherry Hill Manor Assocs. v. Faugno, a legal malpractice action involving negligent representation by three separate attorneys retained at different times, the court noted that it was not the "same injury" where the plaintiff sustained damages "as a result of multiple disparate injuries caused by multiple tortfeasors." 182 N.J. 64, 75-77 (2004). The court noted that each attorney allegedly committed different wrongful conduct – one failed to deliver and file a mortgage securing plaintiff's deposit and advances, the second failed to name the first attorney in the suit against the seller, and the third allegedly failed to name the second attorney in the suit against the first attorney. Id.[2] The court distinguished this from a case involving the failure of all three attorneys in the same transaction to insure that a deed and mortgage were timely filed, in which case the attorneys all caused the

---

[2] "Similarly, in South Brunswick Furniture v. Acrisure, the court applied Cherry Hill to the same fact pattern: three attorneys retained at separate times, and therefore found there was not common liability when plaintiff's cause of action accrued." [footnote present in original in EWMA's opposition briefs.]

4

> same injury. Id. (citing LaBracio Family P'ship v. 1239 Roosevelt Ave., Inc., 340 N.J. Super. 155, 158-159 (App. Div. 2001)). Like LaBracio, here EWMA, AET, Langan and AMEC are all alleged to have contributed to the same injury during the same period of time: plaintiff's purchase of the property without full knowledge of the extent of the mercury contamination thereon.
>
> Here, Plaintiff's claims and EWMA's contribution claims all relate to the same injury (as stated above in Plaintiff's letter): the "failure to follow the appropriate standard of care when investigating and characterizing the environmental conditions at the subject property." This is the exact same claim which EWMA makes as to Langan, and the basis for which EWMA will seek contribution and/or indemnification: plaintiff's damages as a result of the failure to discover the extent of mercury contamination on the subject property prior to purchase. Langan, like EWMA, performed work or services in investigating, remediating or exacerbating the mercury contamination on the subject property, the crux of Plaintiff's claims.

(EWMA's Opp. to Langan's MTD 15-18; EWMA's Opp. to AMEC's MTD 15-18 is substantially similar.)

In brief, EWMA now moves for reconsideration contending that this Court erred in two ways: 1) by failing to distinguish Cherry Hill on the facts; and 2) by failing to find that LaBracio is directly analogous. This Court finds that much of EWMA's reconsideration brief is an attempt to get a second bite at the apple with the benefit of hindsight. This Court will limit its reconsideration to EWMA's original arguments about Cherry Hill and LaBracio.

As to EWMA's argument that this Court erred in its understanding of LaBracio, as already quoted, EWMA's opposition briefs contained one sentence on LaBracio: "Like LaBracio, here EWMA, AET, Langan and AMEC are all alleged to have contributed to the same injury during the same period of time: plaintiff's purchase of the property without full knowledge of the extent of the mercury contamination thereon." This is not an argument; it is a conclusory assertion. EWMA's brief in support of its motion for reconsideration presents an entirely new analysis of LaBracio in an attempt to inject an argument where none originally existed.

5

EWMA's original opposition briefs did not offer any analysis of LaBracio that this Court overlooked.

As to both Cherry Hill and LaBracio, EWMA's opposition briefs offered little more than a summary of Cherry Hill and the conclusory assertion that Cherry Hill is distinguishable on the facts and the instant case is "like" LaBracio: EWMA, Langan, and AMEC all contributed to the same injury. This Court did not find this to be a persuasive argument in favor of finding that EWMA, Langan, and AMEC are joint tortfeasors under New Jersey law, and EWMA has not pointed out anything that this Court overlooked. This Court declines to consider EWMA's new and considerably expanded arguments on reconsideration.

On reconsideration of EWMA's original arguments quoted above, this Court reaffirms its decision that the 3PC failed to allege sufficient facts to make plausible that Langan and AMEC are joint tortfeasors with EWMA under New Jersey law. Both Langan and AMEC moved to dismiss on the ground that, *inter alia*, the 3PC failed to allege a basis to make plausible that they were joint tortfeasors with EWMA under the definition stated in N.J.S.A. § 2A:53A-1: "For the purpose of this act the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property." In opposition, EWMA argued that Langan, AMEC and EWMA all "contributed to the same injury during the same period of time: plaintiff's purchase of the property without full knowledge of the extent of the mercury contamination thereon." This is insufficient under the plain language of the statute, which requires *more* than contribution to the same injury: N.J.S.A. § 2A:53A-1 requires *joint liability* for the same injury. As Langan correctly argues in opposition to the motion for reconsideration, EWMA has ignored the joint liability requirement.

EWMA's opposition briefs to the motions to dismiss did not even address the joint liability requirement of N.J.S.A. § 2A:53A-1. EWMA failed to sufficiently rebut the arguments from Langan and AMEC that the 3PC did not plead sufficient facts to make plausible that they are joint tortfeasors with EWMA under N.J.S.A. § 2A:53A-1. The motions were correctly decided.

Furthermore, the Court notes that, in Cherry Hill, the New Jersey Supreme Court, considering the statutory definition of "joint tortfeasors," presented, using separate subheadings, two analyses, the first about the requirement of "joint liability," the second about the requirement of "same injury." 182 N.J. at 72-76. The New Jersey Supreme Court stated: "It is well settled that the true test for joint tortfeasor contribution is joint liability . . ."[3] Id. at 72. In the absence of a demonstration of joint liability, under New Jersey law, a showing that two actors were involved with the same injury is insufficient ground to consider them to be joint tortfeasors. Whether or not Cherry Hill is factually analogous to the instant case, it is controlling authority on the issue of the interpretation of "joint tortfeasors" in N.J.S.A. § 2A:53A-1.

Cherry Hill set forth the applicable principles for both the joint liability inquiry and the same injury inquiry. AMEC and Langan have consistently argued that EWMA failed to demonstrate joint liability under Cherry Hill, and EWMA has consistently failed to rebut the argument. In EWMA's brief in support of the motion for reconsideration, EWMA acknowledged the two-pronged Cherry Hill standard, but stated: "The Opinion misinterpreted Cherry Hill's joint liability and same harm requirement . . ." (EWMA's Reconsid. Br. 22.) EWMA's brief, however, does not otherwise address the joint liability issue raised by Langan

---

[3] AMEC quoted this statement in its opening brief in support of its motion to dismiss the 3PC. (AMEC's MTD 3PC Br. 6.)

and AMEC in their original motions to dismiss.  EWMA has failed to address this essential element of a claim for contribution against a putative joint tortfeasor under New Jersey law, and failed to rebut the arguments of Langan and AMEC that the 3PC therefore fails to state a valid contribution claim.

EWMA also moves for reconsideration of this Court's determination that amendment of the 3PC was futile.  As the preceding discussion has explained, EWMA's opposition briefs failed to make any case that the contribution claim satisfied New Jersey's requirement for joint tortfeasors of joint liability.  Because EWMA failed to make any demonstration that this requirement was or could be met, the Court did not err in finding that amendment was futile.

For these reasons,

**IT IS** on this 8th day of March, 2021

**ORDERED** that EWMA's motion for reconsideration (Docket Entry No. 221) is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.