

Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
P 973.535.0500   F 973.535.9217

March 31, 2022

**VIA ECF**

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut St.
Newark, NJ 07101

**Re:   BRG Harrison Lofts Urban Renewal LLC v. General Electric Company, et. al.
        Civil Action No. 2:16-cv-06577-SRC-CLW**

**Defendant EMWA Statement As To Mediation**

Dear Judge Waldor,

This firm represents defendant Environmental Waste Management Associates, Inc. ("EWMA") in the above-captioned matter. Per the applicable Scheduling Order, we write to inform the Court that EWMA continues to be willing to mediate this matter and has informed plaintiff's counsel of such intention. We also understand that defendant AET has agreed to mediation, and that some of the insurance parties may also participate. To the best of our knowledge, the only party who is refusing to proceed to mediation at this time is plaintiff, although they state they are continuing to discuss the possibility of mediation.

Specifically, we have been informed by plaintiff's counsel that they will not agree to go to mediation at this time due to their demand that our client provide a "significant" offer before they determine if they will proceed to mediation. As we have made clear, while this request is unfeasible and our client is not in a position to make such an offer, we have made specific representations to plaintiff's counsel regarding the intent to participate in good faith in the mediation and the confidential acknowledgement of the general value required to resolve the case at mediation.

As Your Honor may recall, per the conference before Your Honor last year, the general consensus was that the parties would work towards conducting the damages deposition of Plaintiff's 30(b)(6) witness, and then proceed to mediation. As EWMA made clear at that time, a key condition of being able to proceed with the deposition and mediation was (1) Plaintiff's production of a current Statement of Damages and (2) Plaintiff's identification and/or production of the documents quantifying and supporting Plaintiff's claimed damages in this matter. Since that time, EWMA has expended considerable time and resources to obtaining the damages documents and testimony necessary to evaluate this matter and participate in a mediation in good faith, including review of thousands of documents and the recent March 14, 2022 deposition of

March 31, 2022
Page 2

BRG's 30(b)(6) witness as to damages. As EMWA communicated to plaintiff's counsel, during this period, EWMA reserved without waiver the right to pursue significant discovery issues in favor of focusing on key damages issues to permit the parties to proceed to mediation.

While we are disappointed with plaintiff's apparent decision after the parties devoted significant time and resources to preparing this case for mediation, it is certainly plaintiff's right to decline to proceed to mediation. EWMA simply wishes the Court to understand that EWMA has at all times been ready and willing to participate in mediation in good faith, and has taken significant steps towards that end.

As such, EWMA has asked plaintiff for a firm commitment as to whether they will agree to mediation. If they will not agree, EWMA is prepared to continue to litigate this case, and has offered EWMA's witness for deposition on April 19, 2022. Further, EWMA will also need to pursue the reserved discovery issues, and fully intends to do so. We further wish to make it clear that the need to continue expending funds to litigate this matter and defend EWMA's interest obviously weighs on any future settlement discussions. With regard to discovery, EWMA cannot rule out the need for Court intervention as to remaining discovery issues, although EWMA will take all steps necessary to resolve any issues without involving the Court.

If plaintiff will not agree to mediation, given the remaining discovery issues and that the current discovery schedule was for purposes of mediation, EWMA respectfully requests a conference before Your Honor to discuss a new discovery schedule that accommodates the outstanding discovery disputes that need to be resolved before discovery closes in this matter.

We are available to discuss this matter at Your Honor's convenience and can provide the Court with any further information it may need as to this matter.

                                                                  Respectfully submitted,

                                                                  */s/ Meghan K. Musso*

Cc: All counsel of record (via ECF)        Meghan K. Musso

6389642-1